IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIM ZEIGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 06-0080-CG-M |
| | ) |
| ALBERTO GONZALES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on defendants' motion to dismiss (Doc. 9), plaintiff's response thereto (Doc. 11), and defendants' reply (Doc. 12); and plaintiff's motion to strike, or in the alternative, to respond to plaintiff's notice of recent admissions and statements against interest (Doc. 22). The court finds that the enrolled bill rule bars plaintiff's challenge to the Deficit Reduction Act of 2005. Therefore, defendants' motion to dismiss is due to be **GRANTED.**

## BACKGROUND

Article I of the United States Constitution requires that before proposed legislation may "become[ ] a Law," U.S. Const. art. I, § 7, cl. 2, "(1) a bill containing its exact text [must be] approved by a majority of the Members of the House of Representatives; (2) the Senate [must] approve [ ] precisely the same text; and (3) that text [must be] signed into law by the President," Clinton v. City of New York, 524 U.S. 417, 448, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998). This is known as the bicameralism requirement of Article I. Plaintiff seeks a declaratory judgment that the Deficit Reduction Act of 2005 ("DRA") is null and void because the legislation signed

1

by the President and passed by the Senate differs from the bill passed by the House of Representatives.  Plaintiff asserts that the Act is invalid under the bicameralism requirement of Article I, Section 7 of the Constitution and is not a "law."  Defendants move to dismiss on two bases.  Defendants first assert that plaintiff lacks standing.  Secondly, defendants assert that the Enrolled Bill Rule bars plaintiff's claim.

Plaintiff alleges that he has standing to bring this claim because: (1) as an elderlaw attorney, he is personally and substantially hindered in his practice by the Act and the allegations of the complaint, (2) plaintiff has filed and will continue to file federal civil actions, and the Act raises filing fees that he must pay to file such, and (3) plaintiff is a taxpayer.  Plaintiff further avers that this case is distinguishable from Marshall Field v. Clark, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892), which recognized the enrolled bill rule, and argues that Field should not be followed.

## DISCUSSION

Defendants argue that the "Enrolled Bill Rule" set forth in Marshall Field bars plaintiff's claim.  In Marshall Field, the Supreme Court addressed the validity of the Tariff Act of 1890.  The plaintiff in Marshall Field asserted that the Act was not valid because the enrolled version of the bill was not the same as had been before the House and the Senate. Id. at 668-69.  The Supreme Court held that these signatures constituted "an official attestation by the two houses of such bill as one that has passed Congress." Id. at 672.  Accordingly, the Supreme Court further held that "[t]he respect due to coequal an independent departments requires the judicial department to act upon that assurance, and to accept, as having passed congress, all bills authenticated in [this] manner ⋯" Id.

The court notes that the Second Circuit recently addressed a claim that the DRA violates the bicameral requirement of the Constitution. Public Citizen v. U.S. District Court, ___ F. 3rd ___, 2007 WL 1529482, (2nd Cir. May 29, 2007). In explaining the holding in Marshall Field, the Public Citizen court stated:

> The [Marshall Field] Court crafted a clear rule: "[I]t is not competent for [a party raising a bicameralism challenge] to show, from the journals of either house, from the reports of committees or from other documents printed by authority of Congress, that [an] enrolled bill" differs from that actually passed by Congress. Id. at 680, 12 S.Ct. 495. The only "evidence upon which a court may act when the issue is made as to whether a bill ... asserted to have become a law, was or was not passed by Congress" is an enrolled act attested to by declaration of "the two houses, through their presiding officers." Id. at 670, 672, 12 S.Ct. 495. An enrolled bill, "thus attested," "is conclusive evidence that it was passed by Congress." Id. at 672-73, 12 S.Ct. 495. "[T]he enrollment itself is the record, which is conclusive as to what the statute is ...." Id. at 675, 12 S.Ct. 495 (internal quotation marks omitted)

Id. at *8.[1]

In Public Citizen, as in this case, the plaintiff argued that the holding of Marshall Field has been limited by subsequent cases and should not be applied to the circumstances presented, citing United States v. Munoz-Flores, 495 U.S. 385, 110 S. Ct. 1964, 109 L.Ed.2d 384 (1990). The Second Circuit rejected this argument, holding that Marshall Field squarely applied and had not been overturned or modified by Munoz-Flores. Id. at *11-*13.

At least two other courts have dismissed similar challenges to the DRA based on the enrolled bill rule recognized in Marshall Field. The Southern District of New York stated the following:

---

[1] Accordingly, the court is prohibited by the Enrolled Bill Rule from considering the evidence proffered by the plaintiff in his Notice of Recent Admissions and Statements Against Interest (Doc. 21) and hereby **GRANTS** defendants' Motion to Strike (Doc. 22).

3

> And, assuming, arguendo, that Plaintiffs can demonstrate standing to pursue Count II, Count II is subject to dismissal under the Enrolled Bill Rule announced in <u>Field v. Clark</u>. Despite Plaintiffs' assertion to the contrary, the Supreme Court appears to have restated its holding in <u>Field</u>, by acknowledging in 1988 that "the Constitution left it to Congress to determine how a bill is authenticated as having passed." <u>U.S. v. Munoz-Flores</u>, 495 U . S. 385, 391 n. 4 (1988). Although Plaintiffs argue that <u>Munoz-Flores</u> "directly confronted the effect of <u>Field</u>," this Court must "leave to the Supreme Court the prerogative of overruling its own decisions." <u>Rodriguez de Quijas v. Shearson / American Exp., Inc.</u>, 490 U.S. 477, 484 (1989). <u>See</u> also, <u>Agostini v. Felton</u>, 521 U.S. 203, 237 (1997) ("We do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent."). Plaintiffs' contention that the Enrolled Bill Rule is mere dicta is belied by decisions of the United States Court of Appeals for the Second Circuit. For example, in <u>United States v. Pabon-Cruz</u>, 391 F.3d 86, 99 (2d Cir.2004) the Court (16 years after <u>Munoz-Flores</u> ) described the Enrolled Bill Rule as "a longstanding rule, invoked by many courts, including the Supreme Court and our own Court." <u>See</u> also, <u>U.S. v. Sitka</u>, 845 F.2d 43, 46 (2d Cir.1988) ("Under [the enrolled bill rule] if a legislative document is authenticated in regular form by the appropriate officials, the courts treat that document as properly adopted.") (quoting <u>U.S. v. Thomas</u>, 788 F.2d 1250, 1253 (7th Cir.1986)).

<u>OneSimpleLoan v. U.S. Secretary of Educ.</u>, 2006 WL 1596768, *9  (S.D.N.Y. June 9, 2006).

The Eastern District of California followed the same reasoning:

> In this case, in approving the Deficit Reduction Act, the President signed the bill that had been duly enrolled and authenticated by both the Speaker of the House, Dennis Hastert, and the President Pro Tempore of the Senate, Theodore F. Stevens. (Attachment 2 to Def.'s Reply to Intervenor's Opp'n to Mot. for Relief, filed June 9, 2006). Pursuant to the Supreme Court's ruling in <u>Marshall Field</u>, the "authentication [of an Act] as a bill that has passed congress should be deemed complete and unimpeachable ." <u>Marshall Field</u>, 143 U.S. at 672. As such, the court is required to rely on the attestations of the Speaker of the House and the President Pro Tempore of the Senate that a bill has been enacted by both houses of Congress. Therefore, for the purposes of these motions, the Court must recognize the DRA as a valid and operable legislation. <u>See</u> also, <u>United States v. Pabon-Cruz</u>, 391 F.3d 86, 99 (2d Cir.2004); <u>United States v. Thomas</u>, 788 F.2d 1250, 1253 (7th Cir.1986); <u>Cherry v. Steiner</u>, 716 F.2d 687 (9th Cir.1983) ("The enrolled bill doctrine is intended to forestall judicial inquiry into procedural irregularities occurring prior to the enactment of bills ….").

<u>California v. Leavitt</u>, 444 F. Supp 2d 1088, *6 (E.D.Cal. 2006) (footnote omitted).  See also,

Conyers v. Bush, 2006 WL 3834224 (E.D.Mich. 2006), reaching the same conclusion.

This court finds the analysis in the above cases to be persuasive. The Enrolled Bill Rule of Marshall Field has not been overruled or materially limited by the Supreme Court and is applicable to this case. Accordingly, even if plaintiff can demonstrate standing[2], the court finds that plaintiff's challenge to the DRA must fail.

## **CONCLUSION**

For the reasons stated above, defendants' motion to dismiss (Doc. 9) is **GRANTED** and this case is hereby **DISMISSED**.

**DONE and ORDERED** this 28th day of June, 2007.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] As discussed in Public Citizen, supra, at *2 - *7, the court need not address the question of standing before reaching the question of whether dismissal is appropriate under the Enrolled Bill Rule.